# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOSEPH MILLER,

   Plaintiff,

v.

                             Civil Action No.: ELH-20-672

WARDEN S. MALAGARI,

   Defendant.

## MEMORANDUM

On March 12, 2020, Plaintiff Joseph Miller, a patient at St. Elizabeth's Hospital in Washington D.C., filed this civil rights Complaint (ECF 1) against the Warden of the Montgomery County Correctional Facility ("MCCF"), along with a Motion to Proceed in Forma Pauperis. ECF 2. Miller's motion shall be granted.

Miller, who is self-represented, asserts: "On 10-19-19 Ofc. Manzano scared me. I thought he was planning to Rape me or something? Because he told me; I had Female Breast." ECF 1 at 2. He states elsewhere on the complaint form that "[t]he warden determined that Ofc. Manzano violated the PREA."[1] *Id*. Miller seeks unspecified compensation as relief and states: "This policy violation is worth a substantial amount of compensation as it damaged me mentally." *Id*. at 3.

Miller filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to construe liberally

---

[1] The Prison Rape and Elimination Act is codified at 42 U.S.C. §§ 15601-15609 (2012).

the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating the Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). But, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Miller's claim is based on his assertion that directives contained in the Prison Rape Elimination Act ("PREA") were violated. ECF 1 at 2. "Section 1983 itself creates no rights," but rather "provides a method for vindicating federal rights elsewhere conferred." *Kendall v. City of Chesapeake*, 174 F.3d 437, 440 (4th Cir. 1999) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)); *accord Doe v. Broderick,* 225 F.3d 440, 447 (4th Cir. 2000). "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe,* 536 U.S. 273, 286 (2002).

Here, Congress intended with the enactment of the PREA "[t]o provide for the analysis of the incidence and effects of prison rape in Federal, State, and local institutions and to provide information, resources, recommendations, and funding to protect individuals from prison rape." PREA, Pub. L. No. 108-79, 117 Stat. 972 (2003). Nothing in the PREA suggests that Congress intended to create a private right of action for prisoners to sue for non-compliance. *See Williams*

*v. Dovey*, No. DKC-15-1891, 2016 WL 810707, at *7 (D. Md. Mar. 2, 2016) (citing cases). Thus, Miller's claim that the PREA was violated does not state a claim upon which relief may be granted.

To the extent Miller intended to assert an Eighth Amendment claim,[2] the Complaint also fails. Setting aside the fact that the complaint does not include any allegation of wrongful conduct against the sole defendant named,[3] the Complaint does not describe conduct that amounts to cruel and unusual punishment. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). The Eighth Amendment is violated when an inmate is subjected to "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

To establish an Eighth Amendment violation, an inmate must establish both that the prison official subjectively "acted with a sufficiently culpable state of mind" and that the injury or deprivation inflicted was objectively serious enough to constitute a violation. *Williams*, 77 F.3d at 761. Here, there is nothing beyond an allegation that Officer Manzano made a statement to Miller that Miller found hurtful and offensive. Verbal abuse of inmates by guards, without more, states no claim of assault. *See Carter v. Morris*, 164 F.3d 215, 219, n.3 (4th Cir. 1999) (rejecting use of racial epithets as a basis for constitutional claim). While a threat of harm may state a claim, it must be combined with actions apparently designed to carry out the threat to state an Eighth Amendment claim. *See Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978).

---

[2] Miller characterizes his complaint as one alleging "8th amend. violation; PREA violation of the policy" in his motion to proceed in forma pauperis. ECF 2 at 2.

[3] Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

3

Given the above analysis, the Complaint shall be dismissed for failure to state a claim. A separate Order follows.

March 27, 2020
Date

/s/
Ellen L. Hollander
United States District Judge